**BETTY JEAN PADGETT, by Alfred H. Padgett, her next friend, v. ELDA R. THOMPSON, otherwise known as MRS. R. D. THOMPSON.**

27 So. (2nd) 909                                    June Term, 1946
November 19, 1946                                    Division A

*Clark W. Jennings,* for appellants.

*Maguire, Voorhis & Wells, W. H. Poe* and *Roe H. Wilkins,* for appellee.

BUFORD, J.:

The appeal is from judgment on demurrer sustained to a declaration in two counts insofar as such declaration attempted to state a cause of action against Elda R. Thompson, also known as Mrs. R. D. Thompson.

The alleged cause of action grew out of an automobile accident in which it is alleged Betty Jean Padgett was seriously injured by an automobile belonging to R. D. Thompson and then being operated on the public highway with his knowledge and consent by his minor son Frederick Allen Thompson, then under eighteen years of age.

The only allegation in either count of the declaration against Elda R. Thompson, also known as Mrs. R. D. Thompson, is as follows:

"On or about October 3, 1945, defendant Frederick Allen Thompson, a minor seventeen years of age, whose application for an automobile driver's license then and there in his possession had been signed by defendant Elda R. Thompson, otherwise known as Mrs. R. D. Thompson, carelessly . . . "

It is apparent that it was the purpose of the pleader to state a cause of action under the provisions of Chapter 322, Fla. Statutes 1941 (same F.S.A.) and particularly under the provisions of Section 322.09 thereof. Our conclusion is that the provisions of this Section must be read in pari materia with Sections 322.03 and 322.05 Fla. Statutes 1941 (same F.S.A.). When so read it is apparent that the law thus established provides that no one except one having a driver's license or permit may lawfully operate a motor vehicle on the highways of the State of Florida; that this permit must be

**140**

issued by the Motor Vehicle Commission and that in the case of a person under eighteen years of age no permit can be issued unless the application for permit for such minor shall be signed by both father and mother of the applicant, if both are living and have custody of him. There are other provisions which apply in the event neither parent is living. These are of no importance here. The Act further provides:

"Any negligence or willful misconduct of a minor under the age of eighteen years when driving a motor vehicle upon a highway shall be imputed to the person or head of a family who has signed the application of such minor for a permit or license, which person shall be jointly and severally liable with such minor for any damages caused by such negligence or willful misconduct."

So it is that to make a sufficient allegation against a defendant under the terms of the statute it is necessary to allege that (2) an automobile was being operated on the public highways of the State of Florida; (b) by a person under eighteen years of age; (c) that such person so operating the automobile had procured a driver's license or permit from the Motor Vehicle Department based upon an application therefor; (d) that the application for such license had been signed by the person sought to be held liable for the negligence or misconduct of the operator of the automobile in the operation thereof; (e) that the person holding the permit so obtained operated the automobile in such negligent or willfully improper manner as to cause injury to the plaintiff and that (f) injury was thereby caused to the plaintiff.

The declaration in this case falls far short of meeting these requirements. The declaration does not allege that any license had ever been issued to Frederick Allen Thompson, but, on the contrary, it does allege that the "application for an automobile driver's license then and there in his possession had been signed by the defendant Elda R. Thompson." If the application had never been delivered to the Motor Vehicle Commission and a permit issued thereon, it never became of any force and effect to bind Mrs. Thompson. There appears to be some contention that the declaration should be construed to state that the driver's license was in possession of

Frederick Allen Thompson but no such construction can reasonably be placed on the language used and as the rule is well settled that the language used in a pleading must be taken more strongly against the pleader there is no other conclusion to be reached than that the declaration totally failed to state a cause of action against Elda R. Thompson.

Much has been said in the briefs as to whether or not Mrs. Thompson would be liable under the provisions of Sec. 322.09, supra, in event she signed an application which was not signed by her husband which application was for a driver's license to be issued to Frederick Allen Thompson, a young man under eighteen years of age, when both the father and mother had custody of the minor at the time the application was filed. This question is not presented by the pleadings and, therefore, we do not assume to adjudicate that question.

For the reasons stated, the judgment in favor of the defendant Elda R. Thompson, otherwise known as Mrs. R. D. Thompson, is affirmed.

It is so ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.